**UNITED STATES of America,
Plaintiff,**

v.

**Dustin Lee HONKEN, Defendant.**

**No. CR 01–3047–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

May 14, 2004.

Alfredo G. Parrish, Parrish Kruidenier Moss Dunn Montgomery Boles & Gribble, LLP, Des Moines, IA, for Defendant.

Charles J. Williams, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO RECONSIDER RULING ON GOVERNMENT'S MOTION FOR ANONYMOUS JURY

BENNETT, Chief Judge.

On January 29, 2004, the court entered a sealed ruling (docket no. 201) granting the government's September 16, 2003, Motion For Anonymous Jury (docket no. 150). On February 9, 2004, defendant Honken filed a sealed Motion To Reconsider Court's Opinion And Order Regarding Government's Motion For Anonymous Jury (docket no. 207), which the government resisted on February 23, 2004 (docket no. 214). By order dated April 28, 2004 (docket no. 243), the court set telephonic oral arguments on Honken's motion as well as numerous pretrial motions filed by the government. However, the court now concludes that oral arguments are not necessary on Honken's motion to reconsider, because the parties' arguments have been fully presented in their written submissions.

Honken contends that, in granting the government's motion for an anonymous jury, the court relied entirely and solely upon evidence obtained in his 1998 sentencing, which contained allegations about his conduct between seven and ten years ago. In his motion for reconsideration, Honken contends that this evidence of past conduct does not support a conclusion that he has the *present* ability to cause injury to the life or safety of any person. Still more specifically, Honken argues that "[t]he Court's unsupported deduction (*i.e.*, that the stale 1993–96 evidence regarding Defendant['s] past actions or 'organizations' established a present intent and means to effectuate harm) is sufficiently erroneous to warrant the Court revisiting its Ruling on the matter lest Defendant sustain manifest injustice." Defendant's Brief In Support Of Sealed Motion To Reconsider (docket no. 207) at 4. He contends that there is not a scintilla of evidence that any such associates or recruits exist today, nor is there any evidence to support a finding that any "organization" still exists that could act on his behalf to obstruct justice.

On the other hand, the government argues that the court should not reconsider its prior ruling, or it would invite motions to reconsider every ruling it makes. Furthermore, the government contends that Honken's motion is without merit, because his view that the evidence does not support a present ability and intent to cause harm to others is "warped." Instead, the government contends that the court properly relied on Honken's history of violence and attempts to obstruct justice, and the present impetus to engage in such conduct from the seriousness of the present charges against him. The government also points out that Honken did not present any evidence to rebut the evidence of his dangerousness. The government also argues that the court's decision to empanel an anonymous jury could be upheld on the basis that Honken's history of violence and obstruction of justice is sufficient to make jurors apprehensive about their own safety.

The court does not agree with the government that evidence of juror apprehension is sufficient to meet the applicable statutory standard for withholding juror information in a capital case. Rather, withholding such information is only appropriate in a capital case "if the court finds by a preponderance of the evidence that providing the list may jeopardize the life or safety of any person." 18 U.S.C. § 3432. Nevertheless, the court finds that the defendant's assertions that there was not sufficient evidence to satisfy the statutory standard in this case is without merit.

In its January 29, 2004, ruling, the court summarized its reasons for finding that Honken had the present capacity to jeopardize the life or safety of jurors and others, as follows:

> [T]he court finds, by a preponderance of the other evidence submitted, that Honken's past participation in a group with the capacity to harm jurors, his past attempts to interfere with the judicial process, and his past attempts to reach out of his prison to harm witnesses and investigators, through associates or persons recruited for precisely such activity, show that Honken, either by himself or through associates or an organization, still has the present or future capacity to harm jurors. In other words, this evidence shows that disclosure to Honken of a list of venire members, including biographical information such as their names and "abodes," "may jeopardize the life or safety of any person." The court concludes that this potential for jeopardy to juror safety becomes even clearer when the court turns to the next factor in the analysis, Honken's potential sentence in this case.
>
> \*  \*  \*  \*  \*  \*
>
> *[A]t least where there is other evidence showing that the defendant has the capacity to harm jurors, and has in the past been willing to exercise that capacity,* this court concludes that the defendant's potential death sentence is also a factor weighing in favor of an anonymous jury under § 3432, because it suggests that the defendant may be under a "strong inducement" actually to use his capacity to harm jurors.
>
> The court finds, by the preponderance of the evidence, that Honken engaged in, or attempted to engage in, murderous conduct to obstruct justice when he was facing only a sentence for a term of years on drug-trafficking charges. Where he now faces the even stronger inducement to obstruct justice arising from his potential for a death penalty, the evidence of his past obstructive conduct is not too "stale" to be relevant, but is instead given a whole new vitality in the present circumstances. Thus, in the totality of the circumstances, Honken's potential death sentence is also a factor convincing the court, by the preponderance of the evidence, that disclosure of a list of venire persons to Honken "*may* jeopardize the life or safety of any person," including jurors.

January 29, 2004, Sealed Ruling (docket no. 201) at 54–56 (citations omitted; emphasis in the original). In short, the court concluded—and reaffirms now—that Honken's history of using violent means, associates, and recruits to obstruct justice, coupled with the present motivation to use such means again arising from the gravity of the present charges and potential death penalty, demonstrated the necessary potential jeopardy to life and safety of jurors and others to satisfy the statutory standard for an anonymous jury. 18 U.S.C. § 3432.

THEREFORE, defendant Honken's February 9, 2004, sealed Motion To Reconsider Court's Opinion And Order Regarding Government's Motion For Anonymous Jury (docket no. 207) is **denied.** The telephonic oral arguments previously scheduled on this motion for May 27, 2004, are cancelled.[1]

**IT IS SO ORDERED.**

---

1. Arguments on the government's pre-trial motions, which were also originally scheduled to be heard by telephone for May 27, 2004, have already been rescheduled as "live" proceedings on June 2, 2004.